William T. Cowin, J.
Proceeding to review the determination of respondent denying a certificate of eviction.
Petitioner, owner of a one-family house, sold same about March, 1959 and rented an eight-room apartment in a two-family house. Her family comprises herself, her husband and *290 their four children — two sons 20 and 14 years of age and two daughters 17 and 16 years of age respectively.
On or about June 15, 1959 petitioner purchased the subject premises, consisting of a three-story building with four stores on the ground floor and two front and rear four-room apartments on the second and third floors.
In July, 1959 application was made for a certificate of eviction to obtain possession of the second-floor front apartment for occupancy by petitioner. At the same time application was made for a certificate of eviction for the second-floor rear apartment for occupancy by a son and daughter of petitioner. While the applications were being processed the tenant in the second-floor rear apartment removed therefrom and, the accommodations being vacant, the application as to that apartment was withdrawn. The application for the second-floor front apartment was granted.
Petitioner moved into the second-floor rear apartment in November, 1959 and the front apartment in January, 1960. From January 15, 1960 to November, 1960 petitioner was in possession of both apartments. On the latter date she removed from the rear apartment and lived solely in the front apartment until January 25, 1962.
In January or February, 1962 petitioner moved into the third-floor front apartment and on October 2, 1962 filed an application for a certificate of eviction of the tenant of the third-floor rear apartment on the ground of an immediate and compelling necessity because of the overcrowding in her then accommodations. In her application she claimed that the tenant of the said rear apartment had agreed to give up the space but later refused to do so unless she was paid $500. It was also claimed that the inadequate accommodations had directly contributed to a serious psychological disturbance in one of her sons for which he was receiving treatment. After a hearing at which all parties were present and represented, the District Bent and Behabilitation Director denied the application for failure to establish the existence of an immediate and compelling necessity and the further reason that the requested removal or eviction was inconsistent with the purpose of the “Act” and the Bent, Eviction and Behabilitation Begulations and would be likely to result in the circumvention or evasion thereof. Petitioner filed a protest to which was annexed a copy of a letter from the Director of the Adult Therapy Clinic of Post Graduate Center for Mental Health wherein it was stated the home conditions of the patient (petitioner’s son) were not helpful to his improvement. The son is not presently living with his mother.
*291 The protest was denied, respondent finding that the application was not made because of an immediate and compelling necessity but rather for other motives and that the landlord had failed to establish <£ an immediate and compelling necessity herein within the requirement of the Regulations.”
It should be noted that if the application were granted petitioner would eventually have succeeded in her scheme or plan to decontrol all of the apartments in the building. Section 2 (subd. f, par. [11]) of the City Rent, Eviction and Rehabilitation Regulations exempts from rent control: 1 £ Housing accommodations rented after April 1, 1953, which were or are continuously occupied by the owner thereof for a period of one year prior to the date of renting; provided, however, that this paragraph shall not apply: (a) where within the two year period immediately preceding the date of such renting, the owner acquired possession of the housing accommodations after the issuance of an eviction certificate by the State Rent Commission, pursuant to Section 5(2) of the State Rent Act, or by the Administrator pursuant to Part Y of these Regulations ”.
While petitioner filed applications for a certificate of eviction for the second-floor front and rear apartments, upon the removal of the tenant from the rear apartment she immediately withdrew her application for a certificate therefor, undoubtedly to avoid the restriction of subdivision 11, above quoted, which would have required her waiting two years to accomplish decontrol, instead of one year where the accommodations are obtained without a certificate. After the required one year had expired, petitioner filed a report of decontrol of the second-floor rear accommodations and rented same. After waiting the statutory two-year period, petitioner filed a certificate of decontrol for the second-floor front apartment, moving to the third-floor front apartment, and renting the decontrolled apartment for $100 per month, whereas the maximum rent under control was $61.94. In filing the report of decontrol petitioner was careful to point out that she had occupied the second-floor front apartment for two years after the issuance of the certificate of eviction. Petitioner now lives in the third-floor front apartment and if she obtains possession of the third-floor rear apartment, for which she presently seeks a certificate of eviction, by lapse of time and her machinations she will have succeeded in decontrolling the entire residential accommodations and presumably will be able to obtain additional rentals comparable to the $100 per month obtained for the decontrolled second-floor front apartment.
Petitioner’s efforts to decontrol the building, as shown herein, should not be condoned. In any event, this court should not *292 assist in the accomplishment of such purpose. Petitioner had sufficient room for her family when she had occupancy of the two apartments on the second floor and if her present accommodations are insufficient for her and her family’s present needs (which the court doubts on this record which would indicate that all of the family are not living at home) it is a creation of her own doing and may not now be urged to obtain relief therefrom. (Cf. Matter of Bromberg v. McGoldrick, 281 App. Div. 1038, decision amd. 282 App. Div. 714, affd. 306 N. Y. 690; Matter of Peronti v. Weaver, N. Y. L. J., Feb. 4, 1959, p. 13, col. 1; Matter of Di Benedetto v. Weaver, N. Y. L. J., Feb. 21, 1958, p. 10, col. 5.)
On this record the court is in full accord with the determination of respondent that to have granted the application would have resulted in the circumvention or evasion of the Bent, Eviction and Rehabilitation Regulations and inconsistent therewith and that the application was not made because of an immediate and compelling necessity but for other motives. It is neither arbitrary nor capricious and is in accordance with law. The petition is dismissed.